UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK WILLIAMS,                          :

                Petitioner,       :       04 Civ. 1417 (TPG) (TS)

      - against -                      :       **OPINION**

P. W. ANNETTS,                          :

                Respondent.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

This is a habeas corpus petition by a state prisoner, filed under 28 U.S.C. § 2254. Pursuant to the applicable rules, the court has examined the petition and has decided that it must be summarily dismissed.

This petition relates to a judgment in Supreme Court, New York County, dated October 30, 2000, convicting petitioner, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal sale of a controlled substance in or near school grounds. Petitioner was sentenced to concurrent prison terms of four and one-half to nine years.

Upon appeal, the Appellate Division, First Department, reversed the conviction on the school grounds counts because of insufficient evidence, but affirmed the conviction on the third degree count. Leave to appeal to the New York Court of Appeals was denied.

Petitioner now makes three contentions: First, that the trial court deprived petitioner of due process and of a fair trial when the court permitted

the prosecutor to elicit testimony that $124 in cash was recovered from the co-defendant after the arrest, although petitioner was charged only with a single $10 sale; <u>second</u>, the evidence was insufficient to prove petitioner's guilt on the school grounds count; <u>third</u>, that the third degree count involves essentially the same offense as the school grounds count and petitioner should not be convicted on both of these duplicative counts.

These are precisely the same grounds relied on in the direct appeal. Dealing with their merits on the present petition, obviously the second point simply should not be have been presented, because the school grounds count was dismissed on direct appeal. As to the third point, again there is no basis for it since the Appellate Division ruling clearly means that plaintiff was not convicted on duplicative counts. As to the first point, the recovery of cash from a co-defendant was a relevant fact. In any event, there was no conceivable violation of petitioner's Constitutional rights by allowing this evidence to be presented.

For the above reasons, the petition is dismissed.

SO ORDERED.

Dated: New York, New York
April 18, 2005

_____
THOMAS P. GRIESA
U.S.D.J.

deprived petitioner of due process and of a fair trial when the court permitted the prosecutor to elicit testimony that $124 in cash was recovered from the co-defendant after the arrest, although petitioner was charged only with a single $10 sale; second, the evidence was insufficient to prove petitioner's guilt on the school grounds count; third, that the third degree count involves essentially the same offense as the school grounds count and petitioner should not be convicted on both of these duplicative counts.

These are precisely the same grounds relied on in the direct appeal. Dealing with their merits on the present petition, obviously the second point simply should not be have been presented, because the school grounds count was dismissed on direct appeal. As to the third point, again there is no basis for it since the Appellate Division ruling clearly means that plaintiff was not convicted on duplicative counts. As to the first point, the recovery of cash from a co-defendant was a relevant fact. In any event, there was no conceivable violation of petitioner's Constitutional rights by allowing this evidence to be presented.

For the above reasons, the petition is dismissed.

SO ORDERED.

Dated:     New York, New York
           April 18, 2005

THOMAS P. GRIESA
U.S.D.J.